## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| ANTHONY MELTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| HIGHLAND CORP. | ) |
| | ) JURY TRIAL |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, ANTHONY MELTON, by and through his attorneys, alleges for his Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against HIGHLAND CORPORATION, for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq.*

### II. THE PARTIES

### A. THE PLAINTIFF

2. Plaintiff, ANTHONY MELTON, currently resides in Lexington, Tennessee and is a citizen of the United States.

3. Plaintiff had over one year of service as an employee of Defendant.

4. Plaintiff is an FMLA "eligible employee," specifically under 29 U.S.C. Section §2611(2)(A), i.e. one who worked more than 1,250 hours in the 12 month period preceding her leave.

## B. THE DEFENDANT

5. Defendant, Highland Corporation, employed Plaintiff within this District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section §2611(4)(A). Its principal place of business is Hohenwald, Tennessee.

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in this District under 28 U.S.C. §1391(b)-(c). Defendant employed Plaintiff in its Lexington, Tennessee store (Henderson County).

## IV. FACTS

10. Plaintiff began working for Defendant in November of 2010. He ended working for Defendant in December of 2011, thus working more than one calendar year (12 months).

11. Plaintiff earned over $10,000 in 2011, at the rate of $7.25 per hour, thus working more than 1,250 hours.

12. In December, Plaintiff, a cashier at the Lexington location, gave notice to his employer that he required surgery, beginning December 15, 2011, and a medical leave following this surgery. The surgery was for a "serious health condition," a shoulder and collarbone injury, owing to a motorcycle accident sustained by Plaintiff.

13.     Instead of granting Plaintiff the medical leave for the surgery and recuperation, and reinstating him as he became able, Plaintiff's manager informed Plaintiff that he was discharged.

14.     Plaintiff called human resources who told him the discharge was permanent and that he was not eligible for rehire because he did not qualify for any medical leave.

15.     In truth, Plaintiff does qualify.  Accordingly, his termination violated the FMLA.

## V. COUNT ONE—FMLA INTERFERENCE

16.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-15 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise his rights under the FLMA.

## VI. COUNT TWO – FMLA RETALIATION

17.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-15 herein.  By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising rights under the FMLA.

## VIII. PRAYER FOR RELIEF

18.     WHEREFORE, the Plaintiff prays for the following relief:

    A.     That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

    B.     That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay (or reinstatement), plus an equal amount of liquidated damages and/or prejudgment interest;

    C.    Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

    D.    Reasonable attorneys' fees;

    E.    The costs and expenses of this action;

    F.    Such other legal and equitable relief to which Plaintiff may be entitled; and

    G.    Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

GILBERT RUSSELL McWHERTER, PLC

s/Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF